PROVIDED TO LAKE CI
On ___ For Mailing
Day Mth Yr
By ___ (Officer/Inmate Initial)

FILED
2023 JUN 26 AM 11:45
CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FL OCALA FLORIDA

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Ocala Division

ANTONIO JOHNSON
*Petitioner*

v.

CHRISTOPHER EDELEN, Warden
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. 5:23-Cv-401-BJD-PRL
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: ANTONIO JOHNSON
   (b) Other names you have used: TONY JOHNSON, TIMOTHY DAVIS
2. Place of confinement:
   (a) Name of institution: LAKE CORRECTIONAL INSTITUTION (LCI)
   (b) Address: 19225 U.S. Highway 27, Clermont, Florida 34715
   (c) Your identification number: #446897
3. Are you currently being held on orders by:
   ☐ Federal authorities ☒ State authorities ☐ Other - explain:
4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: Eleventh Judicial Circuit Court In And for Miami-Dade County, Florida
   (b) Docket number of criminal case: F97-32329
   (c) Date of sentencing: July 13, 1998
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

- ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
- ☐ Pretrial detention
- ☐ Immigration detention
- ☐ Detainer
- ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
- ☐ Disciplinary proceedings
- ☒ Other *(explain)*: The Eleventh Judicial Circuit are Refusing to furnish me a Certified Copy the MAY 11, 1998 AMENDED INFORMATION so I can apply for Commutation of Sentence (COS) with the Office of Executive Clemency (OEC).

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: Eleventh Judicial Circuit Court & the Clerk's Office in Miami, Florida

(b) Docket number, case number, or opinion number:

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: Johnson is challenging the Clerk's Office Refusing to furnish him with the May 11, 1998 Amended Information

(d) Date of the decision or action: See the facts as to the dates on page 8

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Florida Supreme Court

(2) Date of filing: March 22, 2023

(3) Docket number, case number, or opinion number:

(4) Result: See Attached Exhibit "A"

(5) Date of result: March 27, 2023

(6) Issues raised: The Miami-Dade Clerk Refusing to furnish me a certified copy of the May 11, 1998 "Amended Information" pursuant to section 940.04, Florida Statutes, which the clerk has an indisputable legal duty to furnish him with Public Records

(b) If you answered "No," explain why you did not appeal:

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

(2) Date of filing:

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal: The Florida Supreme Court is the last highest court to appeal. The Third District Court, the Lower, and the Florida Supreme Court Refusing to accept any pleadings from me under Case # F97-32329

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:

(2) Date of filing:

(3) Docket number, case number, or opinion number:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal: See section 8(b) above.

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❐ Yes ❐ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❐ Yes ❐ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❐ Yes ❐ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: N/A

(b) Date of the removal or reinstatement order:

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes ☐ No

If "Yes," provide:

(1) Date of filing:

(2) Case number:

(3) Result:

(4) Date of result:

(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes ☐ No

If "Yes," provide:

(1) Name of court:

(2) Date of filing:

(3) Case number:

(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☒ Yes ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: Petition for Writ of Habeas Corpus

(b) Name of the authority, agency, or court: U.S. District Court

(c) Date of filing: April 11, 2023

(d) Docket number, case number, or opinion number: 5:23-cv-235-TPB-PRL

(e) Result: Dismiss without prejudice to re-file on the 2241 Habeas Corpus form

(f) Date of result: May 4, 2023

(g) Issues raised: Johnson' access to state courts has been foreclosed under his criminal court case # F97-32329. Now his access to the Office of Executive Clemency is being hindered & restricted, refusing to provide me the certified copy of the May 11, 1998 Amended Information so he can apply for clemency (COS).

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

1. Petitioner (Johnson) wrote a letter to the Office of Executive Clemency (OEC) requesting the Application to Request Commutation of Sentence (COS). That office informed Johnson that he must provide to their office certified copies of the charging document (Information), and the Judgment & Sentence. That office also informed Johnson that the court documents can be obtained from the clerk of court in the county where the offense occurred. The clerk(s) are refusing to provide Johnson the document... Continue on Page 8(a)

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes ☐ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes ☐ No

2. On August 22, 2022 Johnson wrote a letter to the Clerk's Office in the 11th Judicial Circuit Court pursuant Florida Statute 940.04, requesting the "Amended Information" with a Clerk's **FILED DATE** affix of **May 11, 1998** to that document. The clerk(s) refused to provide said document to him. Johnson sent repeated public records request(s) asking for this particular document, and the clerks are refusing to provide him with the document needed so he can apply for COS.

3. On October 10, 2022, for the last time, Johnson sent another letter requesting a certified copy of this May 11th Amended Information. On October 22, 2022 the clerk now claiming that "There is no entry of Amended Information".

4. Johnson sought a mandamus petition in the Florida Supreme Court, to require the Clerk of Miami-Dade County to provide him a certified copy of the May 11th Amended Information so he could apply for clemency. On March 27, 2023, the clerk's office of the Florida Supreme Court rejected Johnson's mandamus petition saying he is prohibited in filing pro se pleadings, and returned said petition back to him.

5. The clerk of the 11th Judicial Circuit has refused to provide Johnson with the May 11th Amended Information so he can apply to the OEC for COS. Johnson access to the state court(s) has been foreclosed. Johnson is now being foreclosed access to the OEC for wanting to apply for COS. The restraint on Johnson's liberty clearly shows that the clerk(s) in the 11th Judicial Circuit are hindering Johnson from applying for COS, as the clerk knows that Johnson need this document to apply for clemency, and he has no other way in state court(s) to have his sentence commuted

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** ____________________

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: ____________________

**Request for Relief**

15. State exactly what you want the court to do: Petitioner Request this court to order his immediate Release from the STATE OF FLORIDA, Lake Correctional Institution.

Page 9 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

June 20, 2023

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: June 20, 2023

Antonio Johnson

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

Page 10 of 10



STATE OF FLORIDA
OFFICE OF EXECUTIVE CLEMENCY

RON D. DeSANTIS, GOVERNOR, CHAIRMAN
ASHLEY B. MOODY, ATTORNEY GENERAL
JIMMY T. PATRONIS, JR., CHIEF FINANCIAL OFFICER
WILTON SIMPSON, COMMISSIONER OF AGRICULTURE and CONSUMER SERVICES

S. MICHELLE WHITWORTH, COORDINATOR

# Request for Review Information Sheet For Commutation of Sentence Only

Effective March 10, 2021

This document is designed to provide helpful information on how to apply for a Request for Review for Commutation of Sentence ONLY. The complete Rules of Executive Clemency defining the entire clemency process are located at https://www.fcor.state.fl.us/docs/clemency/clemency_rules.pdf. The Request for Review application is located at https://www.fcor.state.fl.us/docs/clemency/RequestReviewApplication.PDF.

**Commutation of Sentence Requirements:** You are eligible to apply if you meet the following rule requirements.

1. You are serving a prison sentence of 5 years or more.
2. You have completed whichever of the following is greater:
   a) one third of your prison sentence;
   b) one half of your minimum mandatory sentence; or
   c) 20 years of your life sentence.

**Applications received for prison sentences of less than 5 years will be rejected.**

**Directions on how to apply for Request for Review for Commutation of Sentence Only:**

1. You are required to **provide certified court documents for EACH conviction** with the application for Request for Review for Commutation of Sentence. See the "Required Court Documents" section below for details.
2. Fill in each section of the application in its entirety.
3. Sign and date the application.
4. Mail the application and court documents to this office at the address listed at the end of this sheet.
5. Do not place documents in sheet protectors or any type of notebook or binder. You may either staple or use binder clips.

**Required Court Documents:**

1. a certified copy of the **charging instrument (indictment, information, or warrant with supporting affidavit)** for **EACH** felony conviction.
2. a certified copy of the **judgment and sentence** for **EACH** felony conviction, which may include an order of community control or order of probation.

Certified court documents must be obtained from the clerk of court in the county where your criminal case was processed. If you have multiple convictions in different counties, you will need to contact each separate clerk of court to obtain the required court documents. Florida Statute 940.04 states that certified court documents required for clemency are to be provided by the applicable clerk of court free of charge and without delay.

**Optional Supporting Documents:**

On a separate sheet of paper, you may list the titles of any classes and/or programs you have completed and the date the certificate was issued. Do not submit copies of certificates for completion of educational and/or

vocational classes. Documents not relevant to the application for clemency will not be retained or returned to you. Do not submit pictures.

**Steps in the clemency process once an application is accepted by this office:**

1. Applications are generally processed in the order received.
2. Applications that meet the requirements of the Rules of Executive Clemency may be referred to the Florida Commission on Offender Review (FCOR) for a report and recommendation to the Clemency Board.

**Favorable recommendations to grant clemency:**

1. After a report is completed by FCOR, upon the Commission recommending that an application be granted, a full investigation will be completed.
2. The applicant may be placed on an agenda to be heard by the Clemency Board.
3. Applicants will be notified once placed on an agenda. If an applicant is granted clemency by the Clemency Board, an executive order granting clemency will be prepared and steps necessary to carry out the Clemency Board's action will be initiated.

**Unfavorable recommendations to deny clemency:**

1. After a report is completed by FCOR, upon the Commission recommending that an application be denied, the application will be submitted to the Clemency Board on a list of applicants to be denied without a hearing.
2. If no member of the Clemency Board objects to the denial of an applicant's application without a hearing, the application will be summarily denied.
3. The applicant will be notified of the Clemency Board's denial via a written letter.

**Additional information:**

All information submitted to the Office of Executive Clemency becomes the property of this office and **may not be returned**. Keep copies of any paperwork you may need in the future.

Any person who has been denied a Request for Review may not reapply for at least **five** years from the date the prior request was denied.

Please note that this process is not adversarial, and you do not need an attorney for the process.

Executive Clemency files are maintained for the Governor and Cabinet and are routinely made available to them, members of their staff, and other officials concerned with these proceedings. Pursuant to Florida Statute 14.28 and Rule 16 of the Rules of Executive Clemency, all records generated and received in the executive clemency process are confidential and exempt from public records disclosure and may not be released absent the express permission of the Governor.

**Mailing Address:** Office of Executive Clemency, 4070 Esplanade Way, Tallahassee, FL 32399-2450



# Supreme Court of Florida

Office of the Clerk
500 South Duval Street
Tallahassee, Florida 32399-1927

JOHN A. TOMASINO
CLERK
MARK CLAYTON
CHIEF DEPUTY CLERK
JULIA BREEDING
STAFF ATTORNEY

PHONE NUMBER: (850) 488-0125
www.floridasupremecourt.org

Monday, March 27, 2023

Antonio Johnson
DC#: 446897
Lake Correctional Institution
19225 U.S. Highway 27
Clermont, FL 34715

Re: Mandamus Petition

Dear Antonio Johnson:

In accordance with the directive from the Court in *Antonio Johnson vs. Katherine Fernandez Rundle, etc.*, Case no. SC10-35, no action will be taken on your mandamus petition as it is not signed by a member of The Florida Bar.

Sincerely,

John A. Tomasino

JAT/JT

Exhibit "A"

SUPREME COURT OF FLORIDA

ANTONIO JOHNSON,
Petitioner,

VS CASE NO.: ______________

LUIS G. MONTALDO, Clerk,
11th Judicial Circuit Court,
Respondent.
_______________________________/

EMERGENCY PETITION FOR WRIT OF MANDAMUS
(RE: Denial Of Public Records)

Petitioner, ANTONIO JOHNSON, by and through the undersigned, hereby petitions this Honorable Court for a writ of mandamus directed to the Respondent, LUIS G. MONTALDO, and as grounds for this emergency petition, the Petitioner states as follows:

1. This Court has jurisdiction pursuant to Article V, Section 3(b)(8) of the Florida Constitution, and Rule 9.030(a)(3), Florida Rules of Appellate Procedure. The Florida Supreme Court has jurisdiction to issue writs of mandamus to state officers and state agents.

2. A writ of mandamus is a command from a court directed to an inferior court, public officer, or government entity, requiring the party to whom it is directed to perform an act that the party has a legal duty to perform because of its official position. **SEE** State ex rel. Buckwalter v. City of Lakeland, 150 So. 508 (Fla. 1933).

3. The act commanded in the writ must be ministerial and cannot be one that the party sought to be coerced has any discretion in performing. **SEE** English v. McCrary, 348 So.2d 293 (Fla. 1977).

4. Mandamus is proper to enforce a right which is clearly established in the law, but not to litigate the existence of such a right. **SEE** Florida League of Cities v. Smith, 607 So.2d 397 (Fla. 1992).

5. This case is concerning the Respondent refusing to furnish petitioner a certified copy of the May 11, 1998 "AMENDED INFORMATION" pursuant to Florida Statutes, §940.04, so he can apply for Commutation of Sentence (COS).

6. Petitioner wrote a letter to the "OFFICE OF EXECUTIVE CLEMENCY" requesting the application to request for COS. The Office of Executive Clemency informed petitioner that he must provide to their office certified copies of the charging document (Information), and the Judgment, and Sentence. That office also informed petitioner that the court documents can be obtained from the Clerk of Court in the county where the offense occurred. The clerk is refusing to provide the document(s).

7. On August 22, 2022 Petitioner wrote a letter to the Respondent, pursuant to Public Records, requesting the "AMENDED INFORMATION" with a Clerk *FILED DATE* stamped of MAY 11, 1998. The Respondent received the letter on August 25, 2022. The Respondent refused to provide petitioner with the requested document, and instead, provided Petitioner with a copy of the Clerk's Minutes.

8. On October 10, 2022 Petitioner sent another letter requesting a Certified copy of the MAY 11, 1998 Amended Information pursuant to Section §940.04, Florida Statutes. Again, the Respondent refused to provide Petitioner with a Certified Amended Information *with a Filed Date Stamp of May 11, 1998.* The Respondent's Response letter dated October 22, 2022, stated that "There is no entry of Amended Information."

9. The Respondent is constantly sending Petitioner the October 29, 1997 Information, and not the May 11, 1998 Amended Information. Thus, this October 29th Information should NOT EXIST, because this very

same court in 1989 stated that "An amended information vitiates the original information, as if it had been dismissed,..." State v. Anderson, 537 So.2d 1373 (Fla.1989). According to The Merriam-Webster Dictionary, New Edition, it defines-Vitiates: to make legally ineffective: INVALIDATE. The dictionary also defines-Invalidate: to make invalid.

10. With that being said, the October 29, 1997 Information with a FILED DATE STAMPED is invalid. If Respondent cannot produce the May 11, 1998 Amended Information with a FILED DATE STAMPED of May 11, 1998, then the Respondent *must* provide a sworn response that stating that "the Clerk's Office DOES NOT POSSESS AN AMENDED INFORMATION WITH AN AFFIX STAMPED DATE OF MAY 11, 1998." SEE Radford v. Brock, 914 So.2d 1066 (Fla.2d DCA 2005).

11. The Respondent has an indisputable legal duty to furnish petitioner with the documents he requested. See Article I, section 24 (a); F.S. § 119.01 (1). Unquestionably, the Respondent possess a legal duty to furnish Petitioner with the records he seeks in his case, so he can apply to the Office of Executive Clemency for a commutation of sentence. If the Respondent continue to refused to provide him the May 11th Amended Information, he cannot apply for commutation of sentence, and this court must issue the writ based on the argument demonstrated above. The Respondent cannot withhold or refused to provide petitioner with the requested public records.

12. Petitioner access has been foreclosed access to the lower court, and he cannot be foreclosed access to the Office of Executive Clemency in wanting to apply for COS. If the Respondent is refusing to provide petitioner the Amended Information with a May 11th Filed Date Stamped, then he CANNOT apply for COS with the Office of Executive Clemency. This Honorable Court must take all this into consideration, as petitioner is left without a remedy. The original Information that has a Filed Date Stamp affix to it of October 29th is invalid as explained above.

WHEREFORE, the petitioner prays that this Honorable Court issue an order compelling the Respondent to provide petitioner with the Amended Information that has a Filed Date Stamp affix to it dated MAY 11, 1998 so he can apply for COS.

Under Penalties of Perjury, I declare that I have read the foregoing and the facts stated in it are true.

DATED: 03-22-23

BY: [signature]

Antonio Johnson (Pro se)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true & correct copy of the foregoing has been furnished by U.S. Mail this 22nd day of March, 2023 to the following:

Christopher Reyes, ESQ. (Respondent's Counsel)
343 Alcazar Avenue
Coral Gables, Florida 33134

[signature]

Antonio Johnson #446897
Lake Correctional Inst.
19225 U.S. Hwy. 27
Clermont, Fla. 34715